# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STUART J. SANDROCK,<br><br>　　　　　　Plaintiff,<br>　vs.<br>I. CHOO, M.D., et al.,<br><br>　　　　　　Defendants. | CASE NO. 11-CV-1448-H (WMC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REASSIGN THE CASE** |

On June 23, 2011, Plaintiff Stuart Sandrock, a state prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) On November 8, 2011, Chief Judge Irma E. Gonzalez transferred this case to this Court pursuant to the low number rule, Local Civil Rule 40.1. (See Doc. No. 27.) On November 29, 2011, Plaintiff filed a motion to reassign this case to a different judge. (Doc. No. 33.) On December 9, 2011, Defendants filed a response in opposition to Plaintiff's motion. (Doc. No. 41.)

In his motion for reassignment, Plaintiff requests that the case be reassigned to a new judge because this Court accepted the defendants' view of the facts in the prior litigation.[1] (Doc. No. 33 at 1.) "The standard for recusal under 28 U.S.C. §§ 144, 455 is whether a

---

[1] Plaintiff previously brought another civil rights action in this Court, Sandrock v. Shoe, et al., Case No. 3:10-cv-825-H-WMC (filed on April 14, 2010). On December 9, 2010, the Court granted the defendants' motion to dismiss the case in its entirety on grounds of failure to exhaust administrative remedies. (Doc. No. 66.) Plaintiff appealed the dismissal (Doc. No. 69), and the matter is currently on appeal in the Ninth Circuit.

1 reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned." Taylor v. Regents of Univ. of California, 993 F.2d 710, 712 (9th Cir. 1993) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)). "[A] judge's prior adverse ruling is not sufficient cause for recusal." Studley, 783 F.2d at 939. To warrant recusal, judicial bias must stem from an extrajudicial source. Pau v. Yosemite Park and Curry Co., 928 F.2d 880, 885 (9th Cir.1991); Studley, 783 F.2d at 939.

Here, Plaintiff's request stems from the adverse ruling the Court issued in the previous case brought by Plaintiff. (Doc. No. 33 at 1.) However, a judicial ruling alone will rarely give rise to a valid claim for recusal. Liteky v. United States, 510 U.S. 540, 555 (1994). Plaintiff does not allege any extrajudicial source of bias to warrant reassignment of the case. See Pau, 928 F.2d at 885; Studley, 783 F.2d at 939. Additionally, because Plaintiff's prior and present case involve substantially similar facts and legal issues, as well as the same defendants, reassigning the case would be a waste of judicial resources. Accordingly, the Court denies Plaintiff's motion to reassign the case.

**IT IS SO ORDERED.**

DATED: December 30, 2011

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT