| | |
|---|---|
| | **UNITED STATES DISTRICT COURT** |
| | **SOUTHERN DISTRICT OF CALIFORNIA** |

| | |
|---|---|
| STUART J. SANDROCK,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>I. CHOO, M.D., S. DING, M.D., N. LIND, M.D., J. LEE, M.D., E. GUENTHER, R.N., J. RIVERA, L. BLAIR, THE CALIFORNIA DEPARTMENT OF CORRECTIONS, THE STATE OF CALIFORNIA and DOES One through Ten, inclusive,<br><br>　　　　　　　Defendant. | CASE NO. 11-CV-1448-H (WMC)<br>　　　　　　10-CV-825-H (WMC)<br><br>**ORDER:**<br><br>**(1) DENYING APPLICATION FOR RECONSIDERATION; and**<br><br>**(2) DENYING CERTIFICATION UNDER F.R.C.P. RULE 54(b)** |

On February 24, 2012, Plaintiff Stuart J. Sandrock filed an ex parte motion for reconsideration of the Court's order on January 31, 2012. (Doc. No. 61.) The Court declined to consider the motion ex parte and requested that the Defendants file an opposition to Plaintiff's motion for reconsideration. (Doc. No. 62.) On March 28, 2012, Defendants filed an opposition to Plaintiff's motion for reconsideration. (Doc. No. 63.) Defendants also filed a request for judicial notice. (Doc. No. 65.)

## Discussion

### I. Motion for Reconsideration

A motion for reconsideration is appropriate if: (1) the movant presents the court with newly discovered evidence; (2) the court committed clear error or the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. Sch. Dist. No. 1J, Multnomah County v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see also Civil Local Rule 7.1(i)(1). In highly unusual circumstances there may be other reasons warranting recondsideration. AcandS, Inc., 5 F.3d at 1263. Whether to grant or deny a motion for reconsideration is within the sound discretion of the district court. Navajo Nation v. Norris, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enter., Inc. V. Estate of Bishop, 229 F.3d 887, 883 (9th Cir. 2000)).

#### A. CDCR as a Party

Petitioner's motion for reconsideration again argues that California Department of Corrections and Rehabilitation ("CDCR") waived Eleventh Amendment immunity by consenting to be sued and by intervening in the case against the individual defendants by indemnifying the defendants' legal defense. Petitioner fails to sufficiently address the appropriate standards and justification for reconsideration of the Court's earlier order. Petitioner's motion does not provide the Court with sufficient new evidence, citations to an intervening change in the law, or a description of applicable unusual circumstances to warrant reconsideration. Despite Petitioner's assertion that the Court missed the point he was trying to make, this does not amount to an allegation of clear error. The Court gave careful consideration to Plaintiff's arguments and found them to be without merit.

Even if the Court granted reconsideration, Plaintiff's argument that CDCR consented to suit in federal court because it did not specify its intent to confine its consent to suit in state court is without merit. A state's waiver of immunity in its own courts is not a waiver of immunity in federal court. Montana v. Gilham, 133 F.3d 1133, 1138 (9th Cir. 1997) ("[A] state's constitutional interest in immunity encompasses not merely whether it may be sued, but where it may be sued."); see also Harrison v. Hickel, 6 F.3d 1347, 1354 (9th Cir. 1993); Riggle

v. California, 577 F.2d 579, 585 (9th Cir. 1978) ("A state may waive immunity from suit in its own courts without thereby waiving its Eleventh Amendment immunity from suit in federal courts.").

A state's consent to be sued in federal court must be unequivocal. Micomonaco v. Washington, 45 F.3d 316, 319 (9th Cir. 1995) ("Waiver of Eleventh Amendment immunity by a state will be found 'only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.'") (quoting Edelman v. Jordan, 415 U.S. 651, 673 (1974)).  Regardless of whether CDCR failed to specify its intent to confine its consent to state court, CDCR did not unequivocally express its consent to be sued in federal court.

Plaintiff cites Lapides v. Board of Regents, 535 U.S. 613, 613 (2002), to argue that CDCR providing indemnity for the individual defendants' legal defense constitutes waiver of immunity by voluntarily appearing "regarding pecuniary aspects of the case." Lapides holds that a state waives immunity by removing a case to federal court; it cannot be construed to support the proposition that a state waives immunity by providing for the legal defense of individually named defendants.  535 U.S. at 620.  In fact, the Ninth Circuit has held that state statutes requiring states to indemnify state officials, even in cases where they are sued in their individual capacities, are "purely intramural arrangements" between the state and its officials. Ashker v. California Dep't of Corrections, 112 F3d 392, 395 (9th Cir. 1997) ("[W]e hold California's indemnification of [the defendants] does not render California the real party in interest.").  Cases in which states pursue claims or remove cases to federal court are not analogous to cases in which states indemnify defendants for their legal defense.

**B.     Motion for Hearing on Spoilation of Evidence**

Petitioner also argues that his motion entitled, "Notice of Motion and Motion for Hearing and Sanctions Regarding the Spoilation of Evidence," was mislabeled as a motion for sanctions instead of a motion for a hearing and sanctions if appropriate. (Doc. No. 31.)  The Court gave careful consideration to Petitioner's allegations regarding spoilation of evidence; Plaintiff failed to specify any violation of a court order or discovery violation under Rule 37

of the Federal Rules of Civil Procedure such that there was no adequate basis for a hearing or sanctions. Plaintiff's motion for reconsideration again fails to specify any violation of a court order or discovery violation under Rule 37.

Plaintiff has not presented the Court with newly discovered evidence, shown that the Court committed clear error or its initial decision was manifestly unjust, or shown that there has been an intervening change in controlling law. Accordingly, Petitioner's motion for reconsideration is denied.

## II.     Rule 54(b) Certification

Rule 54(b) "applies where the district court has entered a final judgment as to particular claims or parties, yet that judgment is not immediately appealable because other issues in the case remain unresolved." James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1068 n.6 (9th Cir. 2002) (citations omitted). Rule 54(b) requires a two-step process: (1) the court determines whether the challenged order is a final judgment; and (2) the court determines whether there is any just reason for delay. Curtiss-Wright Corp. v. Gen. Elec. Corp., 446 U.S. 1, 7-10 (1980) ("Plainly, sound judicial administration does not require that Rule 54 (b) requests be granted routinely."). The Ninth Circuit has held that, "[a]bsent a seriously important reason, both the spirit of Rule 1 and the interests of judicial administration counsel against certifying claims or related issues in remaining claims that are based on interlocking facts, in a routine case, that will likely lead to successive appeals." Wood v. GCC Bend, LLC, 422 F.3d 873, 883-84 (9th Cir. 2005) (citing Fed. R. Civ. P. 1, which "mandates construing the rest of the rules 'to secure the just, speedy, and inexpensive determination of every action'").

As Plaintiff acknowledges, the dismissal of one defendant when other defendants remain in the action is not a final decision. Patchick v. Kensington Pub. Corp., 743 F.2d 675, 676-77 (9th Cir. 1984). Plaintiff has not alleged a "seriously important reason" to outweigh the mandate by Federal Rule of Civil Procedure 1 to avoid successive appeals and ensure the just, speedy, and inexpensive determination of every action. The Court denies Petitioner's request for Rule 54(b) certification.

### III. Request for Judicial Notice

Federal Rule of Evidence 201 permits judicial notice of adjudicative facts, which are defined as facts "not subject to reasonable dispute." Fed. R. Evid. 201(b). A judicially noticed fact must be one that is not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned. Id. For example, a court may take judicial notice of "[r]ecords and reports of administrative bodies." Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994); see also Interstate Natural Gas Co. v. S. Cal. Gas Co., 209 F.2d 380, 385 (9th Cir. 1953).

Defendants request this Court to take judicial notice of four documents: (1) Exhibit A, this Court's order granting Defendants' motion to dismiss Plaintiff's second amended complaint in Sandrock v. Shoe, et al., Case No. 10-CV-825-H (WMC) (Doc. No. 66.); (2) Exhibit B, the PACER printout of the Ninth Circuit's docket for Sandrock v. Shoe, et al., Case No. 10-56995; (3) Exhibit C, Defendant's opening brief in his Ninth Circuit appeal of Sandrock v. Shoe, et al., Case No. 10-56995; and (4) Exhibit D, the Ninth Circuit memorandum opinion affirming this Court's order granting Defendants' motion to dismiss in Sandrock v. Shoe, et al., Case No. 10-56995.

Exhibits A through D are court records from the Southern District of California and the Ninth Circuit that are readily ascertainable and verifiable. Accordingly, the Court takes judicial notice of Defendants' Exhibits.

### Conclusion

Based on the foregoing reasons, the Court denies Plaintiff's motions for reconsideration and Rule 54(b) certification.

**IT IS SO ORDERED.**

DATED: April 5, 2012

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT